WRIGHT, WILLIAMS & CO. *v.* SAMUEL WOOD.

A. purchased property of B., which he subsequent sold, and, after some intermediate sales,
again re-purchased the property, assuming to pay a sum due on the price by his last ven-
dor.  The plaintiffs brought suit on one of the notes which A. had thus assumed to pay.
*Held:* that A. had no rights of warranty, so far, at least, as the price he promised to pay
does not exceed the amount he received when he sold the property; and that he could not
demand security from the plaintiffs against the danger of eviction from a judicial mortgage
against B., which existed at the time he sold the property.

APPEAL from the District Court of Concordia, *Farrar*, J.  Stacey and
*Sparrow*, for plaintiffs.  *H. B. Shaw*, for defendant.  The judgment of
the court was pronounced by

ROST, J.  On the 9th of July, 1841, a judgment was recorded in favor of the
Commercial Bank of Natchez, against *Charles N. Rowley*, who was then the
owner of the land which has given rise to this controversy.  That land was pur-
chased of *Rowley* by the defendant on the 6th September, 1842, and the defen-
dant sold it to *Margaret B. Stetson*, with full warranty, for $4000, which he
received.

On the 8th February, 1847, *Stetson* and wife sold the land to *James* and *Agnes
Izod*, also with warranty for $5000; $2000 of which were paid in cash,
and for the balance the purchasers executed their notes for $1500 each, payable
on the 1st of February, 1848 and 1849.  The last of these notes was transferred
by the vendor to *Marsh* and *Pendleton*, and by the latter to the plaintiffs.

On the 3d November, 1849, *James* and *Agnes Izod* sold the land and ten slaves
to the defendant for $11,000, secured by notes and mortgage; and the defendant

<div style="float:right">WRIGHT<br>v.<br>WOOD.</div>

assumed, as part of the price, to pay the outstanding note which the plaintiffs hold.

This suit is brought against the defendant to recover the amount of this note; and he resists payment on the ground that a suit has been instituted to subject a portion of the land to the judicial mortgage existing upon it in the name of *Rowley*, and that judgment has been rendered in favor of the plaintiffs in that suit.

There was judgment in favor of the plaintiffs for the sum claimed, but requiring them to give security to the defendant against eviction under the judicial mortgage existing upon the land. The plaintiffs appealed.

It is clear that the defendant has no claim in warranty on the ground of dangers of eviction which existed at the time he sold it to *Margaret Stetson;* so far at least as the portion of the price he has to pay does not exceed the sum he received. He is liable as warrantor to *Stetson* and wife against the judicial mortgage, and he holds in his hands the price of the sale under which that warranty accrued. The obligation, the payment of which he assumed, was given to *Stetson* and wife as part of the price of the sale of the land, and is in substance the same as his own obligation to them would have been. His only recourse is against *Rowley*. He has none against the plaintiffs.

It is therefore ordered, that the judgment, so far as it decrees a stay of execution until security be given to the defendant against eviction, be reversed; and that the plaintiffs be authorized to proceed under the judgment rendered in their favor according to law. It is further ordered, that the costs in both courts be paid by the defendant.